UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARA JACOBSON, | ) |
| | ) Case No. 2:15-cv-02621 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| CENTRAL CREDIT SERVICES, LLC, | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

Now comes the Plaintiff, LARA JACOBSON, by and through her attorneys, and for her Complaint against the Defendant, CENTRAL CREDIT SERVICES, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Columbus, Ohio.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Florida, which is licensed to do business in Ohio, and which has its principal place of business in Jacksonville, Florida.

## STATEMENTS OF FACTS

9. On or about May 23, 2015, Plaintiff obtained a copy of her TransUnion credit report. Said report listed an obligation of the aforementioned alleged debt.

10. On or about June 22, 2015, Plaintiff placed a telephone call to Defendant from her cellular telephone.

11. During said communication, Plaintiff informed an employee, agent and/or representative of Defendant, who identified himself as "T.J. Apfel," that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

12. Despite having received notice of Plaintiff's legal representation, on or about June 24, 2015, Defendant placed a telephone call to Plaintiff's home telephone in an attempt to collect

the alleged debt. Said communication resulted in Defendant leaving a voicemail message for Plaintiff.

13. On or about June 30, 2015, Defendant placed a second telephone call to Plaintiff's home telephone in a further attempt to collect the alleged debt.

14. During said communication, Plaintiff again informed an employee, agent and/or representative, who identified himself as "Michael Farmer," that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. Plaintiff was previously diagnosed with several difficult medical conditions, including bi-polar disorder, major depression, anxiety, fibromyalgia, high blood pressure and chronic hypertension.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

18. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages. Specifically, Plaintiff's doctor increased her Buspar prescription for anxiety and depression from 10 mg twice a day to 30 mg twice a day due to Plaintiff's increased stress. Plaintiff also experienced three or four panic attacks caused by her increased anxiety.

## COUNT I

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 18 as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 18 as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

23. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 18 as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

                RESPECTFULLY SUBMITTED,

                LARA JACOBSON

                By:    /s/ David B. Levin
                          Attorney for Plaintiff

David B. Levin
Attorney No. 0059340
Attorney for Plaintiff
Allen Chern Law LLC
79 W. Monroe Street
5th Floor
Chicago, IL 60603
Phone: (312) 940-8163
Fax: (866) 359-7478
dlevin@uprightlaw.com